UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In re: Ronald A Johnson<br>         Debtor<br><br>Rosemary C. Crawford, Trustee for the Bankruptcy Estate of Ronald A. Johnson,<br>         Plaintiff,<br>v.<br>Ronald A. Johnson, Erica Fraser-Johnson, Commonwealth of Pennsylvania Department of Revenue,<br>US Department of Treasury,<br>New York State Attorney General's Office,<br>Wells Fargo Home Mortgage,<br>New York State Department of Taxation & Finance, and<br>NYC Department Environmental Control Board<br>         Defendant. | CHAPTER 13<br><br>BANKRUPTCY CASE NO.<br>17-23925/TPA<br><br>ADV 19-02144/TPA |

**RESPONSE OF WELLS FARGO BANK, N.A. TO TRUSTEE'S AMENDED COMPLAINT TO SELL DEBTOR'S AND NON-DEBTOR'S INTEREST IN REAL PROPERTY FREE AND DIVESTED OF LIENS**

Wells Fargo Bank, N.A. ("Wells Fargo" or "Defendant", by and through its counsel, Shapiro & DeNardo, LLC, hereby responds to Trustee's Amended Complaint to Sell Debtor's and Non-Debtor's Interest in Real Property Free and Divested of Liens, and in support thereof, avers as follows:

**Jurisdiction**

1.    Admitted.

2.    Admitted.

3.    Admitted.

4.    No response is required for this averment.

**Parties**

5.    Admitted.

6.    Admitted.

7.    Admitted.

8. Admitted.

9. Admitted.

10. Admitted.

11. Admitted in part; denied in part. It is admitted that Defendant is a financial institution; however, it is denied that is its address. By way of further response, Defendant's address for the purpose of service is c/o Corporation Service Company, 2595 Interstate Drive, Suite 103 Harrisburg, PA 17110

12. Admitted.

13. Admitted.

### Defendants Interest in Property Being Sold

14. Admitted.

15. Denied. By way of further response, the amount to satisfy Defendant's secured lien on the property located at 311 Eastern Parkway, Brooklyn, NY 11238 (the "Property") at the time of this filing is $456,954.34. Upon request, Defendant shall provide an updated payoff at the time of closing.

16. Admitted.

17. Denied. Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the averment contained in Paragraph 17.

### Property to be Sold

18. Admitted.

19. Upon information and belief, the allegations in Paragraph 19 are admitted. By way of further response, Exhibits "A" and "B" speak for themselves.

20. Upon information and belief, the allegations in Paragraph 20 are admitted. By way of further response, Exhibit "C" speaks for itself. Furthermore, Defendant is not opposed to

the sale of the Property so long as Defendant is paid in full from the proceeds of the sale at closing. The approximate amount necessary to pay off the loan as of the date of this response is $456,954.34. Upon request, Defendant shall provide an updated payoff at the time of closing.

21. Upon information and belief, the allegations in Paragraph 21 are admitted. By way of further response, Exhibit "C" speaks for itself.

22. Denied. Defendant is without sufficient knowledge or information so as to form a belief as to the truth of the averment contained in Paragraph 22.

23. Admitted.

24. Admitted.

25. No response is required for this averment.

26. Admitted.

27. Denied. Defendant is without sufficient information to admit or deny the allegations.

28. Admitted.

29. Upon information and belief, the allegations in Paragraph 29 are admitted. By way of further response, Exhibits "A" and "B" speak for themselves.

30. No response is required for this averment.

31. No response is required for this averment.

32. No response is required for this averment.

33. No response is required for this averment.

34. Admitted. By way of further response, Defendant is not opposed to the sale of the Property so long as Defendant is paid in full from the proceeds of the sale at closing. At the time of this filing the amount due to satisfy the secured lien is $456,954.34. Upon request, Defendant shall provide an updated payoff at the time of closing.

35. Denied. Defendant is without sufficient information to admit or deny the allegations.

36. No response is required for this averment.

37. No response is required for this averment.

38. Admitted. By way of further response, Defendant is not opposed to the sale of the Property so long as Defendant is paid in full from the proceeds of the sale at closing. At the time of this filing the amount due to satisfy the secured lien is $456,954.34. Upon request, Defendant shall provide an updated payoff at the time of closing.

39. No response is required for this averment.

40. No response is required for this averment.

41. No response is required for this averment. By way of further, Defendant is not opposed to the sale of the Property so long as Defendant is paid in full from the proceeds of the sale at closing. At the time of this filing the amount due to satisfy the secured lien is $456,954.34. Upon request, Defendant shall provide an updated payoff at the time of closing.

WHEREFORE, Wells Fargo respectfully requests that Trustee's Amended Complaint to Sell Debtor's and Non-Debtor's Interest in Real Property Free and Divested of Liens shall be conditioned upon the Trustee paying its secured claim in full.

Respectfully submitted,

Dated: August 26, 2019

BY: /s/ Kevin S. Frankel
Kevin S. Frankel, Esquire
Shapiro & DeNardo, LLC
3600 Horizon Drive, Suite 150
King of Prussia, PA 19406
(610) 278-6800/ fax (847) 954-4809
PA BAR ID #318323
pabk@logs.com

S&D File #:19-063345